# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON SMART,<br><br>    Plaintiff,<br><br>    v.<br><br>FNU NAVRROW, ET. AL.,<br><br>    Defendants. | No. 1:20-cv-00144-NONE-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 18) |

Plaintiff Aaron Smart initiated this action as a prisoner proceeding *pro se* by filing a civil rights complaint under 42 U.S.C. § 1983 on January 24, 2020.  (Doc. No. 1).  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 9, 2020 the previously assigned magistrate judge issued a screening order directing plaintiff to file a first amended complaint ("FAC") within sixty days because his initial complaint did not contain sufficient factual allegations and failed to state a plausible claim.  (*See* Doc. No. 14.)  The screening order warned plaintiff that failure to comply with the order would result in the dismissal of the action.  (*Id.* at 2.)  The screening order further directed the Clerk's Office to provide plaintiff with a new complaint form.  (*Id.*)  On August 11, 2020, when plaintiff did not file a FAC, the previously assigned magistrate judge issued findings and recommendations, recommending the dismissal of the action due to plaintiff's failure to

prosecute, failure to state a claim, and failure to comply with a court order. (Doc. No. 18 at 1-2.) The findings and recommendations contained a notice that any objections were due within thirty days. (*Id.*)

After the thirty-day deadline expired, on November 23, 2020, plaintiff filed objections.[1] (Doc. No. 20.) In the objections, plaintiff includes one sentence explaining that he missed the deadline because he "couldn't find the paper." (*Id.* at 1.) Plaintiff also reiterates the facts alleged in his original complaint about a correctional officer permitting two inmates to try to kill plaintiff and further states that he seeks monetary damages totaling $100,000.00. (*Id.*) As of the date on this Order, plaintiff has not filed a FAC as directed in the court's April 9, 2020 order. (*See* docket.)

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with any order of the court.

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Before dismissing an action under Federal Rule of Civil Procedure 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (emphasis added). Each of the above-stated factors

---

[1] The court applies the "prison mailbox rule" to actions brought by *pro se* prisoner, deeming the submission by a prisoner to be filed on the date the prisoner delivers it to prison authorities for forwarding to the Clerk of the Court. *See Saffold v. Newland*, 250 F.3d 1262, 1265, 1268 (9th Cir. 2000), *overruled on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002). Here, plaintiff's objections are still untimely even when affording him the benefit of the mailbox rule.

1 weighs in favor of dismissing this case, without prejudice.  The expeditious resolution of
2 litigation is deemed to be in the public interest, satisfying the first factor.  *Yourish v. California*
3 *Amplifier*, 191 F.3d 983, 990–91 (9th Cir. 1999).  Turning to the second factor, the court's need to
4 efficiently manage its docket cannot be overstated.  This court has "one of the heaviest caseloads
5 in the nation," and due to unfilled judicial vacancies, which has been further exacerbated by the
6 Covid-19 pandemic, operates under a declared judicial emergency.  *See* Amended Standing Order
7 in Light of Ongoing Judicial Emergency in the Eastern District of California.  Indeed, "trial courts
8 do not have time to waste on multiple failures by aspiring litigants to follow the rules and
9 requirements of our courts."  *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of
10 district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to
11 timely respond to court order and noting "the weight of the docket-managing factor depends upon
12 the size and load of the docket, and those in the best position to know what that is are our
13 beleaguered trial judges.").  Delays have the inevitable and inherent risk that evidence will
14 become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant,
15 thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).

16 Plaintiff was first directed to file a FAC on April 9, 2020 and has yet to do so.  (*See*
17 *generally* docket.)  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has
18 conducted a de novo review of this case.  Having carefully reviewed the entire file, including
19 plaintiff's belated objections, the court finds the pending findings and recommendations to be
20 supported by the record.  This case will be dismissed for the reasons set forth herein due to
21 plaintiff's failure to prosecute and to comply with court orders.
22 /////
23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

ACCORDINGLY:

1. The findings and recommendations filed on August 11, 2020 (Doc. No. 18) are adopted in full as set forth herein;

2. This case is dismissed; and

3. The Clerk of the Court shall terminate any pending motions and close this case.

IT IS SO ORDERED.

Dated: __**November 19, 2021**__        _/s/ Dale A. Drozd_
                                          UNITED STATES DISTRICT JUDGE